The 7th defense set out in the amended petition reads as follows:

"For a 7th defense to the petition of plaintiff filed herein the defendant says that plaintiff is not seeking in this action to enforce an act which is specifically enjoined on the Tax Commission of Ohio by law, and that mandamus will not be ordered to control or regulate the general course of official conduct of the Tax Commission of Ohio requiring the supervision and control of a series' of continuous acts by this court."

The question presented in principle is identical with plaintiff's motion to strike the second defense from the amended answer of the Universal Films Exchange, Incorporated, in these same actions. In both motions the same authorities are cited, and in our opinion this day released we supported plaintiff's motion on the authority of the cases cited. For the same reasons the motion will be sustained to strike the 7th defense as contained in the amended answer of Frank J. Ferguson.

HORNBECK, PJ. and BARNES, J., concur.

GEIGER, J., not participating.

**SWEDERSKY, SR. et v BD. OF ED. OF GREEN TWP. RURAL SCHOOL DIST., HAMILTON COUNTY et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5983. Decided June 9, 1941

George Mountel; Nicholas Bauer, Cincinnati, for appellants.

Carl W. Rich, Cincinnati; Carson Hoy, Cincinnati, and Edward Strasser, Cincinnati, for appellees.

**OPINION**

BY THE COURT:

The order appealed from is ambiguous. In it is a recital that the court sustains the motion for judgment on the pleadings and that "the action be and the same is hereby dismissed at the plaintiff's costs", but this is followed by a provision granting the plaintiff five days in which to amend. Of course, if the action had been dismissed, the court would have been without jurisdiction to allow an amendment.

In view of the positive language of dismissal and the fact that all parties have considered the order as final, we have concluded to so consider it.

The case comes before the court on the motion for judgment on the pleadings. The parties have treated this motion as a demurrer to the petition and the court will do likewise without, however, approving the practice of using a motion for judgment as a substitute for a demurrer.

We have reached the conclusion that this petition does not state a cause of action. It is sought to invalidate an election by enjoining the duly constituted officials from acting upon the result announced by the board of elections as the result of the official count. It is, in substance, a contest of an election for which the law affords a plain, adequate and complete remedy, of which the plaintiff failed to avail himself.

The demurrer is sustained.

MATTHEWS, PJ., ROSS and HAMILTON, JJ., concur.